UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAPITAL BANK, N.A.,** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 13-6487** |
| **JOHN H. CHAPMAN, STARR S. CHAPMAN, AND LAURA H. CHAPMAN** | **SECTION: "C" (4)** |

## AMENDED ORDER AND REASONS

Before the Court is plaintiff's motion for summary judgment, defendants having filed no opposition. Rec. Doc. 22. Having considered the law, the evidence, and the submissions of the parties, the Court hereby GRANTS plaintiff's motion for the reasons that follow.

### I. Background

Plaintiff, Capital Bank, N.A., ("Capital Bank") brings this action pursuant to Louisiana Civil Code art. 2036 to revoke a transfer of property by John H. Chapman and Starr S. Chapman to their daughter, Laura H. Chapman. Rec. Doc. 1.

According to Capital Bank, defendants John H. Chapman and Starr S. Chapman ("the Chapmans") are indebted to Capital Bank under two promissory notes on which the Chapmans defaulted. *Id*. at ¶9. To recover the outstanding balance, Capital Bank initiated a lawsuit in the First Circuit Court for Davidson County, Tennessee and was awarded a judgment against the Chapmans in the amount of $278,485.01 plus attorney's fees, costs, and post-judgment interest. *Id*. at ¶10-11. Notice of the judgment was sent to the Chapmans through their counsel of record on June 24, 2013. *Id*. at ¶12. On August 2, 2013, Capital Bank succeeded in making the judgment executory in Louisiana. *Id*. at ¶16. Capital Bank notified the Chapmans by letter of its

1

intention to make the judgment executory on August 9, 2014. *id*. at ¶17. The Chapmans admit that they received the letter on August 14, 2013. Rec. Doc. 12 at ¶11.

Capital Bank claims that on August 9, 2014, the Chapmans executed a Quitclaim transferring at 2511 St. Charles Avenue, Unit 403, New Orleans, Louisiana 70130 (the "St. Charles Property") to their daughter, Laura H. Chapman, for no meaningful consideration. *Id*. at ¶18-22. Capital Bank further asserts that the transfer either caused the Chapmans to become insolvent or exacerbated their preexisting insolvency. *Id*.

The Chapmans admit that judgment was rendered against them in the Tennessee state court, and that the judgment from that court has not been satisfied. They further admit that Capital Bank filed an action to make the judgment executory in Louisiana. Rec. Doc. 12. Though they deny most of Capital Bank's other allegations, the Chapmans admit the accuracy of the documents which Capital Bank attached as exhibits to its complaint. *Id*. Their daughter, Laura Chapman, denies that Capital Bank prevailed against the Chapmans in a Tennessee court and made the judgment executory in Louisiana, but also admits the accuracy of the exhibits attached to the complaint. Rec. Doc. 13. All defendants deny that the Chapmans were either made insolvent or exacerbated their insolvency by transferring title of the St. Charles Property to Laura Chapman. Rec. Docs. 12, 13.

## II. Standard of Review

Summary judgment is proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could

return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1996).

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Once the initial burden is met, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324, 106 S. Ct. at 2253. "[U]nsubstantiated assertions" and "conclusory allegations" will not defeat a properly supported motion for summary judgment. *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2511 (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S. Ct. at 2510. When reviewing a motion for summary judgment, a court must view the evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment does not allow a court to resolve credibility issues or weigh evidence. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Because the defendants have not responded to the motion, the Court relies on plaintiff's presentation of the facts except when the record reveals a factual ambiguity. *See*, *3 Eagles*

*Aviation, Inc. v. Rousseau*, 2005 WL 32787, No. Civ. A. 03-2889, *1 (E.D. La. Jan. 5, 2005). Though the Court may not grant summary judgment simply because the motion is unopposed, it may accept the movant's version of the facts as undisputed where the movant has made a prima facie showing of its entitlement to summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

### III. Analysis

*A. Revocatory Action*

Louisiana Civil Code art. 2036 provides that "[a]n obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency." A revocatory action requires the creditor pursuing the action to demonstrate that the offending transaction (1) was made or effected after the right of the obligee arose and (2) caused or increased the obligor's insolvency. *See Traina v. Whitney Nat. Bank*, 109 F.3d 244, 246 (5th Cir. 1997).

Capital Bank claims that the first requirement is satisfied. According to Capital Bank, judgment was rendered against the Chapmans by the First Circuit Court for Davidson County, Tennessee on June 27, 2013 in the amount of $278,485.01 as well as attorney's fees and costs ("Tennessee judgment"). Rec. Doc. 1 at ¶11. Capital Bank has attached a true and complete copy of the final order from the Tennessee state court. Rec. Doc. 1-1 at 6. Capital Bank has also attached a true copy of the judgment from the Civil District Court for the Parish of Orleans, dated August 2, 2013, rendering the Tennessee judgment executory in Louisiana. Rec. Doc. 1-1 at 21. Though Laura Chapman denies these allegations, the Chapmans have admitted to them. Rec. Doc. 12, 13. Finally, Capital Bank avers that the Chapmans executed a quitclaim on August 9,

4

2013 that transferred title of the St. Charles Property to Laura Chapman, and have attached a copy of the quitclaim to its complaint. Rec. Doc. 1-1 at 31. Both the Chapmans and Laura Chapman admit the authenticity of the quitclaim. Rec. Docs. 12, 13. Because the quitclaim was effected on August 9, 2013, after the rendering of the Tennessee judgment and after the Tennessee judgment was made executory in Louisiana, the Court finds that Capital Bank has shown that the transaction in question was made after Capital Bank's right arose.

      Turning to the second factor, the Court finds that Capital Bank has shown that the transaction caused or increased the Chapmans' insolvency. Capital Bank avers that the Chapmans "were made insolvent and/or increased their insolvency" through the transfer of the St. Charles Property, and that they "appear to own little or no other real estate and/or any other substantial assets" apart from the St. Charles Property. Rec. Doc. 1 at ¶26, 28. In support, Capital Bank states that apart from the St. Charles Property, the Chapmans also own an undivided timeshare interest in 2111 St. Charles Ave., Unit 309, purchased in 2001 for $11,850. Rec. Docs. 22-10, 22-14, 22-15. Furthermore, Capital Bank claims that property previously owned by the Chapmans in Mississippi had been transferred or sold to unrelated third parties prior to when Capital Bank's right against the Chapmans arose. Rec. Doc. 22-2 at ¶23024. Finally, Capital Bank states that on September 27, 2013, the Chapmans executed a Warranty Deed in Lieu of Foreclosure transferring an additional piece of property in Gulfport, Mississippi back to the lender, and received no money in exchange. Rec. Doc. 22-18. Thus, according to Capital Bank, the second requirement is satisfied because at the time of the transfer of the St. Charles Property, the Chapmans possessed only a timeshare valued at an amount far below their indebtedness to Capital Bank and a property in Gulfport, Mississippi that was heavily encumbered by debt and

later transferred to avoid foreclosure.

The Chapmans deny that they were insolvent or made insolvent by the transfer of the St. Charles Property. Rec. Doc. 12 at ¶17, 19. However, "mere formal allegations without substance will not preclude summary judgment." *Central Bank v. Simmons*, 595 So.2d 363, 365 (La. Ct. App. 1992). Louisiana courts considering revocatory actions have stated that if a mover on a motion for summary judgment produces:

> convincing proof, by affidavits or other evidence, of facts upon which the motion is based, and no counter-affidavit or other evidence is offered by the opposing party to contradict that proof, then a conclusion may be justified that there is no genuine issue as to the facts, even though allegations to the contrary might be contained in the pleadings.

*Id. See also, Hardee v. Kilpatrick Life Ins. Co.*, 373 So.2d 982 (La.App. 3d Cir. 1979). Because Capital Bank supports its allegation of insolvency with an affidavit and documentation of the transfers of the Chapmans' other properties, while the Chapmans have not provided any countervailing proof that they are not insolvent, the Court is convinced that the Chapmans were rendered insolvent by the transfer of the St. Charles Property.

Furthermore, in a revocatory action "[o]nce a creditor alleging insolvency of its debtor shows the amount of his debts, it is then incumbent upon the debtor to show that he has retained assets of an equal or greater value." *Central Bank*, 595 So.2d at 365. The Chapmans have not shown that they have retained assets valued equal to or above the amount of their indebtedness to Capital Bank. Thus, there are no issues of material fact and Capital Bank has demonstrated that it is entitled to revoke the transfer of the St. Charles Property as a matter of law.

### *B. Attorney's Fees and Costs*

Capital Bank also moves for the awarding of attorneys' fees and court costs arising from

this action as provided for by the Tennessee Judgment made executory in Louisiana. Rec. Doc. 22. Louisiana law does not allow for an award of attorney fees except where specifically provided for by statute or contract. *State, Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439 (La. 1992). Here, an award of attorney fees has been provided for by contract. The Tennessee Judgment, made executory in Louisiana, indicates that the promissory notes upon which the Chapmans became indebted to Capital Bank provided for the awarding of reasonable attorney fees, collection costs, and expenses related to the exercise of Capital Bank's collection rights. Rec. Doc. 22-3. Thus, the Court GRANTS Capital Bank's claim for reasonable attorney fees and court costs arising from this action.

     Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is GRANTED. Rec. Doc. 22. IT IS FURTHER ORDERED that the amount of attorney fees and court costs shall be determined by hearing before the Magistrate Judge.

IT IS FURTHER ORDERED that judgment be entered in favor of plaintiff and against defendant, dismissing the case with prejudice.

     New Orleans, Louisiana, this 5th day of January, 2015.

                                HELEN G. BERRIGAN
                                UNITED STATES DISTRICT JUDGE